**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| ARIEL EFRAIN PEREZ-GUTIERREZ | CIVIL ACTION NO. 26-3195 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ADMINISTRATOR ALEXANDRIA STAGING FACILITY, ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 6) filed by the habeas petitioner in this case, Ariel Efrain Perez-Gutierrez ("Petitioner"). Petitioner seeks an expedited hearing and an injunction to restore him to the conditions of release that existed immediately before U.S. Immigration and Customs Enforcement ("ICE") revoked his longstanding Form 1-220B Order of Supervision ("OSUP"). See id. at 1. He also seeks an injunction prohibiting Respondents from transferring him outside the Western District of Louisiana or removing him from the United States while the legality of his OSUP revocation and resulting detention is adjudicated. See Record Document 6 at 1-2.

Petitioner has also filed a Habeas Petition. See Record Document 1. The petition challenges Petitioner's present civil immigration detention and the procedures used to revoke nearly ten years of release under an OSUP. See id. at 1. He seeks a stay prohibiting transfer outside the Western District of Louisiana or removal from the United States. See id. He also seeks immediate release. See id. at 2.

Petitioner is a native and citizen of Guatemala who entered the United States in April 2008 at age seventeen. See Record Document 6-1 at 2. An Immigration Judge entered an in absentia removal order on December 2, 2008. See id. The statutory

removal period expired without ICE effectuating his removal; thus, on October 19, 2016, ICE issued Petitioner a Form I-220B OSUP Supervision permitting him to remain at large subject to reporting and other conditions. See id. at 2-3. Petitioner complied with the OSUP for almost ten years. See id. at 3.

Petitioner is married and has four children. See id. His fourteen-year-old United States-citizen son, B.A.P.M., has severe neurological and respiratory conditions, including spastic cerebral palsy with quadriparesis, status encephalopathy, intractable seizures, Lennox-Gastaut syndrome, and chronic respiratory insufficiency. See id. B.A.P.M. is wheelchair-bound, has a tracheostomy, depends on a gastrojejunal feeding tube and ventilatory support, and requires continuous twenty-four-hour care. See id. Petitioner is the family's principal financial provider and a major caregiver. See id.

On August 3, 2026, Petitioner appeared for a non-detained appointment at the Miramar, Florida Enforcement and Removal Operations Office. See id. ICE directed him to report to the Intensive Supervision Appearance Program ("ISAP"), and he complied on or about August 4, 2026. See id. ISAP placed an electronic ankle monitor on him and imposed enhanced supervision, including home supervision on or about August 6, 2026. See id. On August 10, 2026, ICE arrested Petitioner. See id. at 4. Petitioner submits that ICE did not provide advance notice, a particularized written notice upon revocation, a prompt informal interview at which Petitioner could respond, or a written custody decision addressing his compliance, reporting record, family ties, lack of known criminal history, or his medically fragile child's dependence on him. See id.

ICE received Petitioner's Form I-246 Application for a Stay of Deportation or Removal on August 11, 2026; the application requested a one-year stay based on

humanitarian hardship and included medical evidence. See id. ICE transferred Petitioner to Winn Correctional Center on or about August 12, 2026. See id. On August 21, his family reported that ICE moved him to the Alexandria Staging Facility adjacent to the tarmac at Alexandria International Airport and that he was awaiting removal. See id.

In both his Habeas Petition and the emergency motion, Petitioner prays for Respondents to immediately disclose his precise location, custodial status, scheduled flight information, and any planned transfer or removal. See Record Document 1 at 10, Record Document 6-2 at 3. After being unable to determine Petitioner's location using ICE's Online Detainee Locator System, the Court contacted Respondents' counsel for assistance. At 5:02 p.m. on October 6, 2026, the Court was advised by counsel that Petitioner is in custody at Winn Correctional Center in Winnfield, Louisiana.

An applicant for a Temporary Restraining Order ("TRO") and/or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX

LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks the injunctive relief of release from ICE custody and restoration of his prior order of supervision. Such relief is similar to the ultimate relief requested in his Habeas Petition. Another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final, merits question.
>
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong. . . . Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026). A ruling on the instant emergency motion should not resolve the legal disputes in this case as a whole.

Moreover, Petitioner is not being detained at the Alexandria Staging Facility adjacent to the tarmac at Alexandria International Airport. Instead, he is in custody at the Winn Correctional Center in Winnfield, Louisiana. He cannot show either that he faced

imminent removal or the existence of something else that would make a favorable ruling on the Habeas Petition too little, too late. Thus, to the extent Petitioner asks for release from ICE custody and restoration of his prior order of supervision, the Court views this request as an effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the Habeas Petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025). The issues raised in the motion are more appropriately addressed through the ordinary adjudication of the Habeas Petition.

As for the request to prohibit transfer, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that he will be transferred to another facility. Additionally, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Finally, Petitioner seeks to stay his removal. A request for stay of removal is a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order). The Fifth Circuit recently reiterated that "federal courts lack jurisdiction

over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., (citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted)). This Court lacks jurisdiction to grant Petitioner's request to restrain Respondents from removing him from the United States while he seeks review of her Habeas Petition. See Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that the district court was without jurisdiction to grant a stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 6) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of October, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE